# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 19, 2012

## STATE OF TENNESSEE v. LARRY D. MCGUIRE

**Appeal from the Circuit Court for Maury County**
**No. 17481    Robert L. Jones, Judge**

---

**No.  M2011-02070-CCA-R3-CD - Filed September 4, 2012**

---

Appellant, Larry D. McGuire, was indicted by the Maury County Grand Jury for felon in possession of a handgun. After a guilty plea, Appellant was sentenced to two years in incarceration as a Range II, multiple offender. After several months in incarceration, Appellant was granted determinate release. Subsequently, a probation violation warrant was filed. Appellant's probation was partially revoked for time served and Appellant was reinstated to a new, two-year term of probation. A second probation violation warrant was filed. After a hearing, Appellant's probation was revoked. The trial court ordered him to serve his sentence in confinement. Appellant appeals, claiming that the trial court erred in determining that he violated his probation and ordering that he serve the sentence in incarceration. After a review of the record and authorities, we conclude that the trial court did not abuse its discretion in revoking Appellant's probation. Consequently, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed

DONALD P. HARRIS, SP. J., delivered the opinion of the court, in which THOMAS T. WOODALL, and JOHN EVERETT WILLIAMS, JJ. , joined.

Michelle W. Vanderee, Assistant Public Defender, Columbia, Tennessee, for the appellant, Larry D. McGuire.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Mike Bottoms, District Attorney General; and Brent A. Cooper, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

### *Factual Background*

Appellant was indicted on November 20, 2007, by the Maury County Grand Jury for possessing a handgun after being convicted of a felony, a violation of Tennessee Code Annotated section 39-17-1307.

On September 3, 2008, Appellant pled guilty in exchange for a two-year sentence as a Range II, multiple offender. Appellant was released on a determinate release on March 25, 2009.

On September 2, 2009, a probation violation warrant was filed against Appellant, alleging that Appellant had violated several of the terms and conditions of his probation. On March 22, 2010, Appellant's probation was partially revoked. Appellant was given credit for time served and reinstated to a new two-year term of probation.

On June 1, 2011, a second probation violation warrant was issued against Appellant. This warrant alleged that Appellant had a "New Arrest" on May 25, 2011, for possession of crack cocaine for resale in a drug-free zone, possession of drug paraphernalia, and simple possession. The warrant alleged that Appellant had violated the following rules of probation:

> (1) I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances.
>
> . . .
>
> (8) I will not use intoxicants (beer, whiskey, wine, etc) of any kind, to excess, or use or have in my possession any narcotic drugs or marijuana. I will not enter an establishment whose prime purpose is to sell alcoholic beverages (bars, taverns, clubs, etc.). I will submit to random drug screens as directed.

The trial court held a hearing on the matter. At the hearing, Chris Hill, the probation officer for Appellant's case, testified. According to Mr. Hill, the warrant was issued after Appellant was arrested for possession of crack cocaine for resale in a drug-free zone, possession of drug paraphernalia, and simple possession.

Officer Brad Ribley of the Columbia Police Department testified that he executed a search warrant at 108 Sycamore Street in Columbia, Tennessee on May 25, 2011. The

warrant was procured after someone in the Narcotics and Vice Department had purchased cocaine from the residence. The purpose of the warrant was to locate "crack cocaine, paraphernalia and the proceeds from the sale of crack cocaine." When the warrant was executed, Appellant was in the residence with his fourteen-year-old son.

Officers found a pack of Newport cigarettes in the master bedroom in the top dresser drawer. Inside the cigarette pack there was a plastic bag that contained crack cocaine. Officer also found a small amount of marijuana as well as "some razor blades with white residue." Appellant's identification card was found in the drawer with the crack cocaine.

Officer Ribley opined that the razor blades were used to cut the cocaine rocks for personal use or resale. The marijuana that was found was "kind of a bud that was all together" in the drawer. When weighed at the scene by Officer Ribley, the crack cocaine weighed 1.5 grams. Officer Ribley testified at the hearing that he was not going to charge Appellant with the sale of cocaine.

After being advised of his rights, Appellant informed the officers that he lived at the house. He told them that his girlfriend did not know "anything" and anything they found belonged to him, not his girlfriend.

Appellant testified at the hearing. He claimed he was "caught up" in an illegal search and seizure by the Drug Task Force. Appellant stated that his girlfriend had just gotten out of the hospital from getting a brain tumor removed. Further, Appellant claimed that he does not sell cocaine but that he smokes it and is, in fact, addicted to cocaine. The cocaine found was for his "personal use" but he did not pay for it, claiming instead that it was given to him by someone else. Appellant acknowledged that smoking crack cocaine was a violation of his probation but explained he did not know that he was doing something wrong because he was "high."

Appellant insisted that he had worked for two months during his probation. This information was not independently verified.

At the conclusion of the hearing, the trial court determined that Appellant had violated the terms of his probation. The trial court fully revoked Appellant's probation and ordered him to serve his original sentence of two years, giving Appellant credit for time served.

Appellant filed a timely notice of appeal, challenging the revocation of probation.

*Analysis*

On appeal, Appellant insists that the trial court abused its discretion in revoking his probation. Specifically, he claims that the evidence used to show he committed new offenses was insufficient. In the alternative, Appellant argues that his clear need for alcohol and drug treatment should have resulted in "alternative discretionary sentencing options such as in-patient treatment with a split-confinement or extension of probation." The State argues that probation was properly revoked after Appellant admitted to the violation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

We have reviewed the record on appeal and find ample evidence to support the trial court's conclusion that a violation of probation occurred. Appellant himself testified that he had violated the terms of his probation by using cocaine. When a trial court has determined that a defendant has violated the terms of his probation, the trial court may choose to order the defendant to serve the remainder of his sentence in incarceration as originally ordered. In the case at hand, the trial court decided to do so. That decision is supported by the fact Appellant had previously violated his probation in the same case. Based on the record before us, we find no abuse of discretion in ordering Appellant to serve his sentence in incarceration.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.


_____
DONALD P. HARRIS, SPECIAL JUDGE